[Cite as *Mercer v. Halmbacher*, 2015-Ohio-4167.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ASHLEY MERCER

    Appellant

    v.

CHRISTOPHER HALMBACHER, et al.

    Appellees

C.A. No.     27799

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     14CVF05262

DECISION AND JOURNAL ENTRY

Dated: October 7, 2015

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Ashley Mercer, appeals the judgment of the Akron Municipal Court granting summary judgment in favor of Defendants-Appellees, Christopher and Julie Halmbacher. This Court affirms in part, reverses in part, and remands.

I.

{¶2} Ashley Mercer and Christopher Halmbacher began a romantic relationship in 2014. After a few months of dating, Ms. Mercer moved into Mr. Halmbacher's apartment in Akron, Ohio and was provided with her own key to the residence. The relationship quickly turned sour. In June of 2014, Mr. Halmbacher received an ex parte civil protection order against Ms. Mercer.[1]

---

[1] A full hearing on the issuance of a civil protection order was later held in July of 2014.

**{¶3}** On May 29, 2014, Mr. Halmbacher informed Ms. Mercer that she was no longer welcome at his apartment and that she needed to move out immediately. Ms. Mercer summoned the police to the apartment. The police instructed Mr. Halmbacher not to undertake self-help measures to evict Ms. Mercer and informed him that he would need to go through the formal eviction process. Despite this admonishment, on May 30, 2014, Mr. Halmbacher and his mother, Julie Halmbacher, proceeded to change the locks to the apartment and moved all of Ms. Mercer's personal belongings into a separate storage unit. Mr. Halmbacher provided Ms. Mercer with a key to the storage unit the next day.

**{¶4}** On July 3, 2014, Ms. Mercer filed a complaint in the Akron Municipal Court against Mr. Halmbacher and his mother for wrongful eviction, conversion, trespass to chattels, and invasion of privacy. Mr. Halmbacher denied Ms. Mercer's allegations in his answer and filed a counterclaim. After the parties exchanged discovery, both parties filed motions for summary judgment and responses thereto.

**{¶5}** On December 16, 2014, the trial court granted summary judgment in favor of Mr. Halmbacher and his mother on all four of Ms. Mercer's claims and denied Ms. Mercer's motion for summary judgment. Ms. Mercer initially appealed the trial court's judgment, but this Court dismissed her attempted appeal for lack of jurisdiction due to Mr. Halmbacher's counterclaim that was still pending before the trial court. Mr. Halmbacher voluntarily dismissed his counterclaim against Ms. Mercer on remand, after which Ms. Mercer again filed a notice of appeal.

**{¶6}** Ms. Mercer timely filed the present appeal, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶7}     In her sole assignment of error, Ms. Mercer argues that the trial court erred in granting summary judgment in favor of Appellees on all four of her tort claims.  We agree to the extent that the trial court erred in granting summary judgment on Ms. Mercer's trespass to chattels claim.

A.  Standard of Review

{¶8}     We review an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996).  Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party.  Civ.R. 56(C).  Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶9}     Summary judgment consists of a burden-shifting framework.  To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996).  Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of

the moving party's pleadings.  Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial.  *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996).

## B.  Wrongful Eviction Claim

**{¶10}**  Ms. Mercer argues that the trial court erred in granting summary judgment in favor of Appellees on her wrongful eviction claim.  Specifically, Ms. Mercer contends that she and Mr. Halmbacher entered into a landlord/tenant relationship and that by evicting her, Appellees violated R.C. 5321.15(B).

**{¶11}**  R.C. Chapter 5321, Ohio's Landlord-Tenant Act, regulates the relationship between residential landlords and their tenants.  R.C. 5321.15(A) provides that landlords may only evict residential tenants by following the procedures set forth in R.C. Chapters 1923, 5303, and 5321.  R.C. 5321.01(B) defines a landlord as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement."  A tenant is an individual who is "entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others."  R.C. 5321.01(A).  A rental agreement is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties."  R.C. 5321.01(D).  "A tenant at will is one who, under the terms of a written lease agreement, continues in a tenancy as long as the parties mutually agree."  *Stone v. Cazeau*, 9th Dist. Lorain No. 07CA009164, 2007-Ohio-6213, ¶ 6, citing *Freedline v. Cielensky,* 115 Ohio App. 138, 141 (9th Dist.1961), quoting *Say v. Stoddard,* 27 Ohio St. 478 (1875).  "An individual who lives in a residence with another without a rental agreement and

without the payment of rent is not a tenant and cannot maintain an action for wrongful eviction." *Id.*, citing *Ogle v. Disbrow,* 6th Dist. Lucas Nos. L-04-1373, L-05-1102, 2005-Ohio-4869, ¶ 17.

{¶12} Mr. Halmbacher and his mother argued in their motion for summary judgment that they are entitled to summary judgment on Ms. Mercer's wrongful eviction claim because Ms. Mercer failed to put forth any evidence showing that she was a tenant for purposes of R.C. Chapter 5321. Specifically, Appellees contend that Ms. Mercer provided no evidence demonstrating that she either entered into a rental agreement or paid any rent or bills during her time residing at the apartment. Appellees' motion for summary judgment was supported by Mr. Halmbacher and his mother's respective affidavits setting forth facts to this effect. Moreover, their motion for summary judgment was supported by a discovery request, wherein Appellees asked Ms. Mercer to provide them with all documents evidencing a tenancy in the apartment, or a contract, oral lease, or other agreement between her and either Mr. Halmbacher or his mother. To each request for the production of these documents, Ms. Mercer tersely replied: "None."

{¶13} Ms. Mercer's motion for summary judgment, on the other hand, asserts that Ms. Mercer did establish a landlord-tenant relationship with Mr. Halmbacher. In support of her argument, Ms. Mercer points to Mr. Halmbacher's testimony during the July 10, 2014 hearing in domestic relations court on the previously issued ex parte civil protection order. During this hearing, Mr. Halmbacher testified that Ms. Mercer formerly resided at his apartment.

{¶14} However, Mr. Halmbacher's testimony that Ms. Mercer briefly resided with him has no bearing on whether Ms. Mercer was a "tenant" as that term is defined in R.C. 5321.01(A). While Ms. Mercer and Mr. Halmbacher certainly resided together for a short period of time, there is no evidence in the record demonstrating the existence of a landlord-tenant relationship. With nothing further in the record to support her claim, we determine that Appellees were

entitled to judgment on Ms. Mercer's wrongful eviction claim as a matter of law. Therefore, we conclude that the trial court did not err in granting summary judgment in favor of Appellees on Ms. Mercer's wrongful eviction claim.

## C. Conversion

{¶15} Ms. Mercer argues that the trial court erred in granting summary judgment in favor of Appellees on her conversion claim. Specifically, Ms. Mercer argues that by moving her personal belongings to a storage unit, Appellees deprived her of her personal property and belongings.

{¶16} "'[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *State ex rel. Toma v. Corrigan,* 92 Ohio St.3d 589, 592 (2001), quoting *Joyce v. Gen. Motors Corp.,* 49 Ohio St.3d 93, 96 (1990). To prevail on a claim of conversion, a plaintiff must demonstrate "(1) that [she] owned or had the right to control the property at the time of the conversion, (2) the defendant's wrongful act or disposition of the plaintiff's property rights, and (3) damages." *Pelmar USA, L.L.C. v. Mach. Exchange Corp.*, 9th Dist. Summit No. 25947, 2012-Ohio-3787, ¶ 12. "It is not necessary that the property be wrongfully obtained." *McCartney v. Universal Elec. Power Corp.,* 9th Dist. Summit No. 21643, 2004–Ohio–959, ¶ 14. When property is otherwise lawfully held, "'[a] demand and refusal * * * are usually required to prove the conversion[.]'" *Ferreri v. Goodyear Local No. 2 United Rubber, Cork, Linoleum & Plastic Workers of Am. Home Assn.,* 9th Dist. Summit No. 16311, 1994 WL 45740, * 2 (Feb. 9, 1994), quoting *Ohio Tel. Equip. & Sales Inc. v. Hadler Realty Co.,* 24 Ohio App.3d 91, 94 (10th Dist.1985).

{¶17} In granting summary judgment in favor of the Appellees on the conversion claim, the trial court determined that Ms. Mercer failed to put forth any evidence demonstrating the existence of a genuine issue of material fact concerning the disposition and damages elements. In their motion for summary judgment, Appellees stated that they provided Ms. Mercer with a key to the storage unit containing her personal belongings one day after moving her items out of the apartment. Appellees both submitted affidavits attesting to this. However, a review of Ms. Mercer's motion for summary judgment and response to the Appellees' motion for summary judgment reveals that Ms. Mercer failed to point to anything in the record demonstrating that she made a demand for her property, was refused access to her personal property, or suffered damages as a result of the Appellees' conduct. Absent such a showing, Ms. Mercer's conversion claim could not survive summary judgment. Therefore, we determine that the Appellees were entitled to judgment as a matter of law on Ms. Mercer's conversion claim and that the trial court did not err by granting summary judgment in favor of Appellees.

### D. Trespass to Chattels

{¶18} Ms. Mercer contends that the trial court erred in granting summary judgment in favor of Appellees on her trespass to chattels claim. In her appellate brief, Ms. Mercer reiterates the same arguments made in support of her conversion claim to support her trespass to chattels claim.

{¶19} While authority under Ohio law respecting an action for trespass to chattels is "'extremely meager,'" it is an actionable tort and courts applying Ohio law have turned to the Restatement (Second) of Torts for guidance. *Dryden v. Cincinnati Bell Tel. Co.*, 135 Ohio App.3d 394, 404 (1st Dist.1999), quoting *CompuServe, Inc. v. Cyber Promotions*, 962 F.Supp.

1015, 1021 (S.D.Ohio 1997); *Stainbrook v. Fox Broadcasting Co.*, N.D.Ohio No. 3:05 CV 7380, 2006 WL 3757643, * 3 (N.D.Ohio Dec. 19, 2006).

{¶20} "A trespass to chattel occurs when one intentionally dispossesses another of their personal property." *Conley v. Caudill*, 4th Dist. Pike No. 02CA697, 2003-Ohio-2854, ¶ 7, citing 75 American Jurisprudence 2d (1991), Trespass, Section 17, at 23. According to the Second Restatement, a trespass to a chattel may be committed by intentionally:

(a) dispossessing another of the chattel, or
(b) using or intermeddling with a chattel in the possession of another.

1 Restatement of the Law 2d, Torts, Section 217 (1965). However, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if:

(a) he dispossesses the other of the chattel, or
(b) the chattel is impaired as to its condition, quality, or value, or
(c) the possessor is deprived of the use of the chattel for a substantial time, or
(d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.

1 Restatement of the Law 2d, Torts, Section 218 (1965). Section 221 defines the various ways in which one may dispossess another of a chattel. According to this section of the Restatement, a dispossession may be committed by intentionally:

(a) taking a chattel from the possession of another without the other's consent, or
(b) obtaining possession of a chattel from another by fraud or duress, or
(c) barring the possessor's access to a chattel, or
(d) destroying a chattel while it is in another's possession, or
(e) taking the chattel into the custody of the law.

1 Restatement of the Law 2d, Torts, Section 221 (1965).

{¶21} Sections 217(a) and (c) of the Second Restatement are the only relevant provisions under the facts of this case. In granting summary judgment in favor of the Appellees, the trial court determined that Ms. Mercer failed to put forth evidence demonstrating the

existence of a genuine issue of material fact showing that she was either dispossessed of her property, that she was deprived the use of her property for a substantial amount of time, and that Ms. Mercer failed to allege or prove damages as a result of the defendants' conduct.

{¶22} In support of their motion for summary judgment, Appellees both submitted an affidavit wherein they respectively swear that they moved Ms. Mercer's belongings out of the apartment and into a storage unit. Both parties also included a transcript from the 2014 civil protection order hearing wherein Mr. Halmbacher testified to same. The Appellees further attest in their respective affidavits that they provided Ms. Mercer with a key to the storage unit containing her personal property just one day after they removed her belongings from the apartment.

{¶23} We conclude that the Appellees' conduct in this matter fits squarely within the Second Restatement's definition of "dispossession." The evidence put forth in each parties' respective motion for summary judgment reveals that the Appellees intentionally assumed control over chattel in a manner that was inconsistent with Ms. Mercer's possessory interest. Contrary to the trial court's analysis, the total duration of that dispossession is irrelevant when determining whether one has been "dispossessed" of their property under the Second Restatement.

{¶24} Moreover, we conclude that the trial court erred as a matter of law in determining that a trespass to chattels claim will not be supported by nominal damages. Consistent with the Second Restatement, we hold that an award of nominal damages in the absence of proof of actual damages may be made in an action for trespass to chattels when there has been a dispossession. 1 Restatement of the Law 2d, Torts, Section 218, comment d (1965) ("Where the trespass to the chattel is a dispossession, the action will lie although there has been no impairment of the

condition, quality, or value of the chattel, and no other harm to any interest of the possessor. He may recover at least nominal damages for the loss of possession, even though it is of brief duration and he is not deprived of the use of the chattel for any substantial length of time.").

**{¶25}** Therefore, we determine that the Appellees were not entitled to judgment as a matter of law on Ms. Mercer's trespass to chattels claim and that the trial court erred by granting summary judgment in favor of Appellees.

### E. Invasion of Privacy

**{¶26}** Lastly, Ms. Mercer argues that the trial court erred in granting summary judgment in favor of the Appellees on her invasion of privacy claim. Ms. Mercer alleges that the Appellees invaded her privacy when they removed her personal effects from the apartment and placed them into the storage unit.

**{¶27}** We have previously acknowledged claims for invasion of privacy as:

> involving "the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

*Lamar v. A.J. Rose Mfg. Co.*, 9th Dist. Lorain No. 99CA007326, 2000 WL 1507919, * 5 (Oct. 11, 2000), quoting *Housh v. Perth*, 165 Ohio St. 35 (1956), paragraph two of the syllabus. The tort of invasion of privacy includes four separate torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Piro v. Franklin Twp.*, 102 Ohio App.3d 130, 144 (9th Dist.1995), citing *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166 (10th Dist.1985).

{¶28} After reviewing the record, we conclude that Ms. Mercer has failed to meet her reciprocal burden of proving that a genuine issue of material fact exists. Ms. Mercer's reply to the Halmbachers' motion for summary judgment does not even discuss her invasion of privacy claim or lay out facts supporting her argument. Additionally, Ms. Mercer failed to set forth any legal argument supporting her invasion of privacy claim either in her complaint, opposition to summary judgment, or appellate brief. Rather, Ms. Mercer merely makes blanket allegations that Appellees invaded her privacy. In light of this, we conclude that the trial court did not err in granting summary judgment on behalf of Appellees with regard to Ms. Mercer's invasion of privacy claim.

{¶29} Accordingly, Ms. Mercer's assignment of error is sustained insofar as the trial court erred in granting summary judgment in favor of the Appellees on the trespass to chattels claim.

III.

{¶30} Ms. Mercer's sole assignment of error is sustained in part. The judgment of the Akron Municipal Court is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEFFREY V. HAWKINS, Attorney at Law, for Appellant.

BRIAN A. SMITH, Attorney at Law, for Appellees.