[Cite as *Dickson v. UPS Store*, 2016-Ohio-5576.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT L. DICKSON, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 15 MA 0222 |
| V. | ) | |
| | ) | OPINION |
| THE UPS STORE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 14 CV 2961 |
| JUDGMENT: | Affirmed |
| APPEARANCES: | |
| For Plaintiff-Appellant | Attorney James S. Gentile 42 N. Phelps St. Youngstown, Ohio 44503 |
| For Defendants-Appellees | Attorney Cornelius O'Sullivan 6480 Rockside Woods Blvd., South Suite 145 Independence, Ohio 44131 |
| | Attorney Roger Sugarman 600 Superior Avenue Est, Suite 2510 Columbus, Ohio 43215 |

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: August 22, 2016

DONOFRIO, P.J.

**{¶1}** Plaintiff-appellant, Robert Dickson, appeals the decision of the Mahoning County Common Pleas Court denying his motion for summary judgment and granting summary judgment to Defendants-appellees, United Parcel Service, Inc. and the UPS Store #5808.

**{¶2}** Appellant owned a Galaxy Saturn 2001 amplifier which was in need of repair. On January 18, 2008, Appellant contracted with Appellee, the UPS Store #5808 ("TUPSS"), located in Austintown, Ohio, for shipment of the amplifier to Wilson Center Electronics in Johnson City, Tennessee for repairs. (Dickson Dep. 10, 15, Exhibits A and B; Pilolli Aff. ¶ 4-5). Appellant signed a Parcel Shipping Order ("PSO"). (Dickson Dep. 8-9, Exhibit A). On the PSO, Appellant stated a declared value for the amplifier of $4000.00. (Dickson Dep. 9, Exhibit A; Pilolli Aff. ¶ 6). Dickson testified that, as a part of this transaction, he purchased insurance to ship his amplifier, but does not know how much extra he paid for the insurance. (Dickson Dep. 9).

**{¶3}** TUPSS arranged with Defendant-appellee, United Parcel Service, Inc. ("UPS"), for the transport of the amplifier to Tennessee. Appellant's amplifier was successfully delivered by UPS to Wilson Center Electronics. (Dickson Dep. 15; 25).

**{¶4}** After Wilson Center Electronics reported to Appellant that his amplifier had been repaired, he sought to have it returned to TUPSS. Appellant testified that he dealt with a UPS Store in Tennessee to have the amplifier repackaged and shipped to TUPSS. (Dickson Dep. 18). Patricia Pilolli, manager of TUPSS, signed an affidavit indicating that Appellant, on September 24, 2008, contracted with TUPSS to have the amplifier shipped back to TUPSS from Wilson Center Electronics. (Pilolli Aff. ¶ 7-8). Thus, it is somewhat unclear who contracted with a UPS Store in Tennessee to return the amplifier to TUPSS. The UPS system contains no records relative to this transaction because too much time has passed. (McDermott Aff. ¶ 6).

**{¶5}** Appellant states that when he opened the box containing his amplifier, he discovered it was damaged. (Dickson Dep. 20). At some point, Appellant notified TUPSS that the amplifier was damaged. (Dickson Dep. 20-21; Pilolli Aff. ¶ 9). Appellant testified that TUPSS asked him if he purchased insurance. (Dickson Dep.

20-21). When he told them he had, Appellant claims TUPSS told him that the insurance company would take care of it and that they would get back in touch with Appellant. (Dickson Dep. 20-21). Pilolli testified that "As the shipper of record, TUPSS filed a claim on behalf of Plaintiff with UPS for damage to the Amplifier." (Pilolli Aff. ¶ 10).

{¶6} Appellant testified that his amplifier was then shipped by TUPSS to a repair shop in Pittsburgh. (Dickson Dep. 22). On May 15, 2009, UPS paid $1,789.69 to TUPSS for what is described by Pilolli as the replacement cost of the amplifier plus Appellant's out-of-pocket shipping costs. (Pilolli Aff. ¶ 11). (There is no Civ.R. 56(C) evidence in the record to determine how the replacement cost was determined. Neither is there any evidence to suggest that this is the incorrect replacement cost or, if incorrect, what the correct amount would be. There is a letter from Patricia Pilolli, TUPSS, to Counsel for Appellant dated November 13, 2009, describing efforts made to determine a repair or replacement cost. The letter makes multiple references to insurance. The letter is attached to Appellant's Motion in Opposition to Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment). On May 28, 2009, TUPSS mailed a check to Appellant in this amount indicating the check was for full and final payment of his claim. (Pilolli Aff. ¶ 13-14). Appellant rejected the check. (Pilolli Aff. ¶ 14).

{¶7} Almost four years later, on April, 5, 2013, Appellant filed a complaint in Austintown County Court. The case was eventually transferred to Mahoning County Common Pleas Court. On March 3, 2015, Appellant filed a Second Amended Complaint against TUPSS and UPS. Appellant sets forth three claims. First, Appellant asserts a breach of contract claim against Appellees for damaging his electronic system in transit. Second, Appellant claims that Appellees engaged in fraud and misrepresentation by stating to Appellant that they were selling him insurance. Third, Appellant alleges Appellees have converted his amplifier since it has never been returned to him. Both UPS and TUPSS filed answers.

{¶8} On August 10, 2015, UPS and TUPSS jointly filed a motion for

summary judgment. Appellant responded and also filed a motion for summary judgment. UPS and TUPSS appear to have filed a joint reply, although the title of the reply suggests that only UPS replied. (See United Parcel Service, Inc.'s Reply to Plaintiff's Motion in Opposition to Motion for Summary Judgment and United Parcel Service, Inc.'s Opposition to Plaintiff's Motion for Summary Judgment [signed by counsel for both UPS and TUPSS]. In the reply, UPS [and TUPPS] emphasize that they are separate entities and not one in the same).

{¶9} On November 25, 2015, the trial court granted summary judgment to both UPS and TUPSS. The trial court concluded that any claim against UPS was preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706; that Appellant's claim against UPS was filed outside of the statute of limitations; that Appellant had no standing to sue UPS; that UPS's liability is limited by federal law and the UPS Tariff; that UPS has already paid the maximum amount of the claim; and, with regard to TUPSS, that there was no evidence presented that TUPSS was negligent in any manner. The trial court denied Appellant's motion for summary judgment because Appellant's state law claims were preempted by federal law. Appellant filed a timely appeal.

{¶10} Appellant presents one assignment of error which states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS THE CARMACK AMENDMENT WAS NOT FOLLOWED AND THEREFORE WAIVED AND APPELLEE'S REMEDIES WERE NOT PREEMPTED.

{¶11} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶12} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law;

and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher,* 9th Dist. No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.,* 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129.

{¶13} The trial court concluded that Appellant's claims against UPS were governed by the Carmack Amendment and, after applying the same, UPS was entitled to summary judgment. The trial court furthered granted summary judgment to TUPSS because Appellant failed to produce any evidence that TUPSS was negligent. Appellant claims that the trial court's error is that the Carmack Amendment was not followed and therefore its provisions were waived. Therefore, according to Appellant, his state law claims were not preempted.

{¶14} Appellant contracted with TUPSS to ship his amplifier to/from Tennessee. The PSO signed by Appellant reflects that TUPSS was not the carrier and that TUPSS would employ UPS as the carrier. The Carmack Amendment to the Interstate Commerce Act governs the relationship between a shipper and a carrier and preempts all state laws with regard to a carrier's liability. *Adams Express Co. v. Croninger,* 226 U.S. 491, 505-506, 33 S.Ct. 148, 57 L.Ed. 314 (1913). The Carmack Amendment provides, in pertinent part:

> A carrier providing transportation * * * shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property * * * are liable to the person entitled to recover under the receipt or bill of lading. The

liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported * * * Failure to issue a receipt or bill of lading does not affect the liability of a carrier. * * *

49 U.S.C. 14706(a)(1). UPS is the carrier. As explained in the PSO signed by Appellant, TUPSS agreed to package and contract with UPS for the transportation of his amplifier. Thus, UPS, the "carrier", is liable only to TUPSS.

**{¶15}** In his sole assignment of error, Appellant asserts that the Carmack Amendment was not "followed," was therefore "waived," and thus Appellant's claims pursuant to state law are not preempted by the Amendment. Appellant does not explain how the Carmack Amendment was not followed and why or how preemption is somehow waived. More importantly, Appellant cites no authority to support this assertion and/or what would legally constitute a waiver. Thus, the trial court's conclusion that federal law preempts state law with regard to the relationship between shippers and carriers is correct and is affirmed. Both UPS and TUPSS complied with the Carmack Amendment. Pursuant to 49 U.S.C. 14706(a)(1) quoted above, UPS is only liable to TUPSS. Thus, here, Appellant had no standing to sue UPS.

**{¶16}** Furthermore, the Carmack Amendment allows carriers to establish various terms regarding shipments, often referred to as "Tariffs". Properly published tariffs are incorporated into any agreement between the shipper and the carrier. 49 U.S.C. 14706(a)(c); *Aero Trucking Inc. v. Regal Tube Co.,* 594 F.2d 619, 621 (7th Cir. 1979); *Verhoogen v. United Parcel Service, Inc.,* 5th Dist. No. 12CA82, 2013-Ohio-2305, ¶ 14. Shawn McDermott, the Security Supervisor for UPS's Great Lakes District, explained in an affidavit that UPS maintains and publishes a tariff and that the tariff applicable to the amplifier in this case, to which UPS and TUPSS are bound, is the "UPS Tariff/Terms and Conditions of Service for Small Package Shipments in the United States, Effective September 2, 2008" ("UPS Tariff"). (McDermott Aff. ¶ 7-

10). The UPS Tariff is attached to McDermott's affidavit and explains that third-party retailers and UPS authorized shipping outlets are independently owned and operated and not agents of UPS. (Exhibit C1, attached to McDermott Aff., UPS Tariff § III.C.). The Tariff states that UPS assumes no liability for lost, damaged, or delayed shipments sent via a third-party retailer other than to the third-party retailer. *Id.* UPS's liability to the third-party retailer is subject to the limitations in the UPS Tariff. *Id.* The third-party retailers are solely responsible for refunds and claims to those who ship packages through the third-party retailer. *Id.* Thus, both the Carmack Amendment and the UPS Tariff prohibit Appellant from suing UPS. Only TUPSS can sue UPS.

{¶17} The Carmack Amendment also limits the liability of UPS, the carrier, to "the actual loss or injury to the property." 49 U.S.C. 14706(a)(1). The Carmack Amendment allows a carrier to establish "rates for the transportation of property * * * under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper * * *." 49 U.S.C. 14706(c)(1)(A). Here, UPS limited its liability through its Tariff. The Tariff provided, in pertinent part, that UPS's maximum liability was the lesser of the following: $100.00 when no value in excess of $100.00 is declared; the declared value if in excess of $100.00 if the value charges are paid; the actual cost of the damaged or lost property; the replacement cost of the property at the time and place of the loss; or the cost of repairing the property. UPS Tariff § VI.G.5, p. 40. UPS, then, if liable, is liable only for the lesser of the above amounts. UPS tendered $1,789.69 to TUPSS. TUPSS forwarded a check in this amount to Appellant. He rejected it. Appellant presented no Civ.R. 56(C) evidence to demonstrate that this amount is incorrect. The trial court correctly concluded that even if Appellant could sue UPS, UPS's liability is limited by the Tariff, that UPS paid what it concluded it owed under the Tariff to TUPSS, and TUPSS forwarded payment in this amount to Appellant. Appellant seemingly argues that by not paying the declared value of $4000.00, UPS failed to follow the Carmack Amendment and thus "waived" any ability to assert the same. Appellant has cited no legal authority to support this position. UPS's liability is

properly limited by the terms of the Carmack Amendment and the UPS Tariff. Absent evidence to the contrary as to the lesser of the above limits on liability, UPS paid TUPSS what it determined to be the appropriate amount. Again, Appellant does not specifically challenge this amount but, as noted above, asserts that UPS failed to follow the Carmack Amendment. The above facts indicate the contrary.

{¶18} Appellant has failed to present any reason or cite any law to support his argument that UPS, or TUPSS, somehow failed to "follow" the Carmack Amendment and thereby "waived" it so as to reinstate any state law claims Appellant might otherwise have been able to make against UPS. Appellant and UPS here had no agreement. Appellant contracted with TUPSS. The relationship between TUPSS and UPS is governed by the Carmack Amendment. Each followed the terms of the Carmack Amendment and the accompanying UPS Tariff. Appellant did not have standing to sue UPS. It has made payment which TUPSS accepted as payment in full. TUPSS tendered the same amount to Appellant. Appellant has offered no evidence to demonstrate that this is the incorrect amount.

{¶19} The trial court also granted summary judgment to TUPSS. The allegations in Appellant's complaint against TUPSS are the same as those against UPS, i.e., breach of contract, fraud and misrepresentation, and conversion. Appellant makes little or no distinction between UPS and TUPSS. In fact, in the reply filed by UPS, and signed by counsel for both UPS and TUPSS, UPS complains of Appellant's failure to make this distinction.

{¶20} The trial court's judgment entry granting summary judgment to TUPSS does not address the breach of contract, fraud and misrepresentation, and conversion claims. It, also, does not conclude that these state law claims are preempted by the Carmack Amendment or any other federal law. Instead, it concludes that TUPSS is entitled to summary judgment because Appellant "has not produced evidence that TUPSS was negligent", i.e., that TUPSS caused the damage to Appellant's amplifier. (Judgment Entry, p. 3). Appellant has not assigned this as an error. In fact, in its brief, TUPSS states as its legal argument that since Appellant

has only assigned as error the trial court's application of the Carmack Amendment to the defenses of UPS, it has no basis to file a brief.

**{¶21}** However, in the body of his brief, Appellant cites *Missouri Pac. R. Co. v. Elmore and Stahl,* 377 U.S. 134, 84 S. Ct. 1142, 12 L.Ed.2d 194 (1964) for the proposition that negligence is not the applicable standard and that strict liability should be applied. *Missouri* is a case involving a dispute between a carrier and a shipper under the Carmack Amendment. This is not the relationship between Appellant and TUPSS. *Missouri* is not applicable to any claim Appellant makes against TUPSS. Further, it is noted that in regard to the transaction between UPS and TUPSS here there was never any discussion of negligence or strict liability. It seems that UPS acknowledged that as the carrier of goods that were delivered in a damaged state, it was obligated to pay for the damage as outlined in the Carmack Amendment and the UPS Tariff discussed above. UPS made a payment to TUPSS.

**{¶22}** Appellant does not assign any error to the trial court's denial of Appellant's motion for summary judgment.

**{¶23}** Based on the foregoing, Appellant's assignment of error is without merit and is overruled. The trial court's decision granting the motion of Appellees UPS and TUPSS for summary judgment and denying Appellant's motion for summary judgment is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.