[Cite as *Greer v. Frye*, 2017-Ohio-4035.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RALPH GREER, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | CASE NO. 14 BE 0032 |
| V. | ) | |
| | ) | OPINION |
| RUTH D. FRYE, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 13CV0244

JUDGMENT:     Reversed and Judgment Entered for Appellants

APPEARANCES:

For Plaintiffs-Appellees     Attorney David E. Butz
Attorney Matthew W. Onest
4775 Munson St., NW/P.O. Box 36963
Canton, Ohio 44735-6963

For Defendants-Appellants     Attorney Stephen R. McCann
Attorney Travis M. Jones
17 N. 4th St., P.O. Box 340
Zanesville, Ohio 43702-0340

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: May 30, 2017

DONOFRIO, J.

{¶1} Defendant-appellants, Ruth Frye, C. Dale Bunting, Melodie Hendershot, Herman Speece, and Scott King, appeal from a Belmont County Common Pleas Court judgment granting summary judgment to plaintiffs-appellees, Ralph and Sharley Greer, on appellees' claim for a declaratory judgment finding that certain mineral interests had vested with appellees.

{¶2} The parties have stipulated to the facts of this case as follows.

{¶3} Appellees are the owners of three tracts of land in Belmont County, collectively referred to as the "Real Estate." The "First Tract," "Second Tract," and "Third Tract" each constitute approximately 20 acres for a total of approximately 60 acres.

{¶4} In 1937, Roy and Goldie Crooks acquired the Third Tract's surface rights and one-half of its oil and gas rights. That same year, the Crooks acquired the First and Second Tract's surface rights and their oil and gas rights.

{¶5} In 1974, the Crooks retained an interest in the oil and gas rights underlying the Real Estate in a warranty deed to James Haren.

{¶6} In June 1991, James Haren transferred his interest in the Real Estate to Marcia Haren.

{¶7} In 1998, appellees acquired the Real Estate by way of a warranty deed from Marcia Haren.

{¶8} On January 27, 2011, appellees published a Notice of Abandonment in a newspaper of general circulation in Belmont County.

{¶9} Sarah Hanlon, Ruth Frye, Edna Speece, Betty Wingrove, and Mary King are the daughters and sole heirs of Roy and Goldie Crooks.

{¶10} On March 16, 2011, appellants' predecessor-in-title Sarah Hanlon filed an Affidavit to Preserve Mineral Interests. On April 19, 2011, Hanlon executed and recorded two Affidavits for Transfer and Record of Real Estate Inherited naming the appellants or their predecessors-in-title, claiming that each had an undivided one-fifth interest in the Crooks' reservation. Appellants Bunting and Hendershot claim an undivided one-fifth interest in the Crooks' reservation by virtue of a quitclaim deed

granted from Hanlon recorded March 14, 2012.

{¶11} On November 5, 2012, appellants entered into a lease agreement to lease the Crooks' reservation to Rice Drilling, LLC. Appellants are the only living Crooks' heirs and/or are the only successors-in-interest to Roy and Goldie Crooks relating to the Crooks' reservation. Appellants claim to possess an interest in the Real Estate's oil and gas rights by way of their status as the Crooks' heirs.

{¶12} On July 11, 2013, appellees filed a complaint against appellants and Rice Drilling raising numerous claims and seeking to quiet title to the oil and gas interest underlying the Real Estate in their favor. They asserted that the 1989 Ohio Dormant Mineral Act (ODMA) operated to reunite the mineral rights with the surface owners, thereby vesting the mineral rights with them. Appellants filed an answer and counterclaim raising several claims and seeking to quiet title in their favor. Appellants also requested a declaration that the 1989 ODMA had been repealed and replaced by the 2006 version of the ODMA. As Rice Drilling did not respond, the trial court granted appellees' motion for default judgment against it.

{¶13} Appellees and appellants filed competing motions for summary judgment based on the ODMA and making various arguments regarding the application of the 1989 version of the ODMA and the 2006 version of the ODMA.

{¶14} The trial court found that the Crooks transferred surface of the Real Estate by way of warranty deed recorded July 10, 1974. It found the oil and gas therein was reserved in the deed and qualified as a title transaction pursuant to the 1989 ODMA. The court found that from July 10, 1974 to July 10, 1994 (the 20-year lookback period under the 1989 ODMA) there were no further savings events. The court further found that under the 1989 ODMA, the severed mineral interest owners must periodically preserve their mineral interest by complying with the statute's requirements every 20 years.

{¶15} The trial court went on to find that the filing of the general warranty deed on July 10, 1974, started the clock on appellants' interest. Because no action was taken for 20 years from that date, on July 10, 1994, pursuant to the 1989 ODMA,

appellants' ownership interests expired. The trial court found that because of this holding, any discussion of the 2006 ODMA was moot.

**{¶16}** Therefore, the trial court granted appellees' motion for summary judgment and denied appellants' motion for summary judgment. The court declared appellees to be the owners of the mineral rights underlying the Real Estate and declared appellants' lease for those rights to be rescinded.

**{¶17}** Appellants filed a timely notice of appeal on July 25, 2015. This court held the appeal in abeyance pending the Ohio Supreme Court's decisions in several oil and gas cases. This case is now ready for review.

**{¶18}** Appellants raise two assignments of error both dealing with the trial court's summary judgment rulings.

**{¶19}** An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶20}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist., 2015-Ohio-4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶21}** Appellants' first assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFFS-APPELLEES.

**{¶22}** Given recent changes in the law, appellants now argue that the trial court's summary judgment in favor of appellees must be reversed since it relied on the 1989 ODMA.

**{¶23}** Recently, in *Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 26-28, the Ohio Supreme Court held that the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

**{¶24}** The 2006 ODMA provides that a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶25}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the

rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16, citing *Corban* at ¶ 2.

**{¶26}** Given the Ohio Supreme Court's holding that the 2006 ODMA applies to all claims asserted after 2006, and because appellees' claim was not asserted until 2011, the 2006 ODMA applies to this case. Therefore, the trial court erred in granting summary judgment in favor of appellees based on the 1989 ODMA.

**{¶27}** Accordingly, appellants' first assignment of error has merit and is sustained.

**{¶28}** Appellants' second assignment of error states:

THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLANTS.

**{¶29}** Given the Ohio Supreme Court's decisions in *Corban* and *Walker*, appellants assert we should enter judgment that they are the rightful owners of the mineral interests pursuant to the 2006 ODMA. They assert that because they filed a claim to preserve within 60 days after notice of the surface owners' intent to declare those interests abandoned, they precluded their mineral interest from being abandoned. Citing, *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147, ¶ 37.

**{¶30}** In this case, after the trial court determined that the 1989 ODMA vested the mineral rights back with appellees as the surface owners, it found "any discussion of the 2006 Ohio Dormant Mineral Act is hereby rendered moot." Thus, the trial court did not enter a ruling regarding the 2006 ODMA.

**{¶31}** In light of the Ohio Supreme Court's judgment that the 2006 ODMA applies, summary judgment in appellants' favor is appropriate. In their motion for summary judgment, appellants argued that they were entitled to judgment under both the 1989 ODMA and the 2006 ODMA. Moreover, the parties stipulated to all relevant facts including the facts that appellees published a Notice of Abandonment on

January 27, 2011, and appellants filed an Affidavit of Claim to Preserve Mineral Interests on March 16, 2011. (Stipulations of Fact, ¶ 8, 10). Because appellants timely filed a claim to preserve, they halted the abandonment.

**{¶32}** Accordingly, appellants' second assignment of error has merit and is sustained.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby reversed. Because appellants timely filed a claim to preserve, they precluded their mineral interest from being abandoned. Summary judgment is entered in appellants' favor.

Waite, J., concurs.

Robb, P.J., concurs.