[Cite as *Kuzior v. Fisher*, 2017-Ohio-4359.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LESLIE R. KUZIOR, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 MO 0003 |
| V. | ) | |
| | ) | OPINION |
| LINDA FISHER, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Monroe County, Ohio Case No. 2012-382

JUDGMENT: Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee
Attorney David M. Cuppage
55 Public Square, Suite 1950
Cleveland, Ohio 44113

For Defendants-Appellants
Fisher, et al.
Attorney William J. Taylor
Attorney Ryan Linn
50 N. 4th Street
Zanesville, Ohio 43702-1030

For Defendant-Appellant
Hall and Ross Resources
Attorney Robert L. Bays
Attorney J. Breton McNab
United Square, Fifth Floor
501 Avery Street, P.O. Box 49
Parkersburg, West Virginia 26102-0049

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: June 16, 2017

DONOFRIO, J.

**{¶1}** Defendants-appellants, Linda Fisher, Max Fliehman, Mollie Conley, Lou Ann Fliehman, Lora Fisher, Lyle Fisher, Rhonda Fisher, Tamara Lynch, Jason Fliehman, Tara Baxley, Ellerie Hackathorn, and Tiffany Hackathorn, appeal from a Monroe County Common Pleas Court judgment granting summary judgment in favor of plaintiff-appellee, Leslie Kuzior, and determining that oil and gas rights underlying certain property vested with the surface estate by operation of the 1989 Ohio Dormant Mineral Act (ODMA).

**{¶2}** This case concerns the oil and gas rights underlying approximately 80 acres of property (the Property) located in Monroe County. Appellee is the owner of the Property, which he acquired by way of fiduciary deed filed December 4, 2006, from Judith Sieg, Executrix of the Estate of Theodore Kuzior. Prior to this time, appellee's mother and then his father owned the Property.

**{¶3}** Appellants claim to own the oil and gas interest underlying the Property pursuant to a mineral reservation made in 1927 (the Reservation), which stated:

Aslow Excepting and reserving all the Leasing Rights Right all the oil and gas under said real estate with the right to use all necessary surface to operate and market said oil and gas thereunder the above reserved oil rights to be operated and protected by usual form of Lease protecting gas for house purposes to growing crops of said F.J. Smith his heirs and assigns.

(Pl. Summary Judgment Motion Ex. B). The Reservation was made by warranty deed from H.H. and Mena Fliehman to F.J. Smithburger.

**{¶4}** Mena Fliehman died on June 21, 1980, leaving all interests in her estate to appellants.

**{¶5}** On February 14, 2012, appellants, acting through Max Fliehman and Fliehman Oil Company, entered into a Paid-Up Oil and Gas Lease with defendant Hall and Ross Resources (Hall and Ross) to lease the oil and gas rights underlying the Property.

{¶6} On May 7, 2012, appellee filed an Affidavit of Abandonment with the county recorder's office.

{¶7} On November 15, 2012, appellee filed a complaint to quiet title and for a declaratory judgment that the oil and gas interest underlying the Property vested in the surface owner (appellee) by operation of the 1989 ODMA. Appellants filed an answer and counterclaim asserting a claim for tortious interference with a business activity.[1]

{¶8} Appellee filed a motion for summary judgment. He asserted that because no savings events as specified in the 1989 ODMA took place during the 20-year lookback period or the three-year grace period, the oil and gas interest was considered abandoned on March 8, 1991, and reunited with the surface estate. Appellee further asserted that the 1927 Reservation was unclear and convoluted and may not have even created a reservation of the oil and gas interest underlying the Property.

{¶9} Appellants filed a response arguing that the 2006 ODMA applied to this case and, under the newer statute, the oil and gas interest did not automatically revert back to the surface estate.

{¶10} The trial court found that the 1989 ODMA was self-executing. Thus, it found that under the 1989 ODMA, the oil and gas interest underlying the Property was deemed abandoned and vested in appellee as the surface owner. The trial court also deemed the Paid-Up Oil and Gas Lease between appellant and Hall and Ross null and void. The court entered summary judgment in appellee's favor.

{¶11} Appellants filed a timely notice of appeal on March 21, 2014. Hall and Ross also filed a timely notice of appeal; however, Hall and Ross has since dismissed its appeal. Therefore, only appellants and appellee are parties to this appeal.

{¶12} This court held the appeal in abeyance pending the Ohio Supreme Court's decisions in several oil and gas cases. This case is now ready for review.

---

1 Hall and Ross also filed an answer and counterclaim, which are not relevant to this appeal.

{¶13} Appellants raise three assignments of error asserting that summary judgment in appellee's favor was in error.

{¶14} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶15} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist., 2015-Ohio-4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶16} We will address appellants' second assignment of error first as it is dispositive of this appeal.

{¶17} Appellants' second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE 1989 ENACTMENT OF THE OHIO DORMANT MINERAL ACT ORC 5301.56 WAS SELF-EXECUTING AND AUTOMATIC.

{¶18} In this assignment of error, appellants assert that the trial court erred in finding that the 1989 ODMA was automatic and self-executing. Appellants go on to

argue that the trial court should have applied the 2006 ODMA, as that was the law in effect at the time this action was filed.

**{¶19}** Recently, in *Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 26-28, the Ohio Supreme Court held that the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

**{¶20}** The 2006 ODMA provides that a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶21}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16, citing *Corban* at ¶ 2.

**{¶22}** Given the Ohio Supreme Court's holding that the 2006 ODMA applies

to all claims asserted after 2006, and because appellees' claim was not asserted until 2012, the 2006 ODMA applies to this case.

{¶23} Pursuant to *Corban*, the trial court erred in finding that the 1989 ODMA automatically divested appellants' of their oil and gas rights and reunited those rights with the surface estate. Per *Corban*, the 1989 ODMA was not self-executing. Therefore, the trial court erred in granting summary judgment in appellee's favor based on the 1989 ODMA.

{¶24} Accordingly, appellants' second assignment of error has merit and is sustained.

{¶25} Appellants' first assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN GRANTING PLAINTIFF-APPELLEE LESLIE R. KUZIOR'S MOTION FOR SUMMARY JUDGMENT.

{¶26} Given the resolution of appellants' second assignment of error, we conclude that the trial court erred in granting summary judgment in favor of appellee.

{¶27} Accordingly, appellants' first assignment of error has merit and is sustained.

{¶28} Appellants' third assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE 1989 ENACTMENT OF THE OHIO DORMANT MINERAL ACT ORC 5301.56 WHEN APPLIED AS SELF-EXECUTING AND AUTOMATIC WAS CONSTITUTIONAL UNDER OHIO'S CONSTITUTION.

{¶29} Given the resolution of appellants' second assignment of error, their third assignment of error is moot.

{¶30} For the reasons stated above, the trial court's judgment, which granted summary judgment in favor of appellees and declared the lease between

appellant and Hall and Ross null and void, is hereby reversed. The matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

DeGenaro, J., concurs.

Robb, P.J., concurs.