[Cite as *Miller v. Hutson*, 2017-Ohio-5783.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CAROL SUE MILLER, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | CASE NO. 14 CA 0902 |
| | ) | |
| V. | ) | OPINION |
| | ) | |
| MIRIAM E. HUTSON, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas of Carroll County, Ohio Case No. 2013 CVH 27538 |
| JUDGMENT: | Reversed.  Judgment for Appellants. |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | Attorney Gregory W. Watts<br>Attorney Matthew W. Onest<br>Attorney William G. Williams<br>4775 Munson St. NW<br>P.O. Box 36963<br>Canton, Ohio 44735-6963 |
| For Defendants-Appellants | Attorney Eric C. Johnson<br>12 W. Main Street<br>Canfield, Ohio 44406 |

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: June 29, 2017

DONOFRIO, J.

{¶1} Defendants-appellants, Miriam Hutson, Mark Hutson, Shirley Hutson, Linda Adams, Mary Jean Hutson, and JP Morgan Chase Bank as trustee of the C. Hutson Testamentary Trust FBO Mary Jean Hutson, appeal from a Carroll County Common Pleas Court judgment finding that certain mineral rights underlying property in Fox Township, Carroll County vested with plaintiff-appellee, Carol Miller.

{¶2} The parties stipulated to the following facts.

{¶3} Appellee owns 79.787 acres of property in Fox Township, Carroll County (the Real Estate).

{¶4} On July 3, 1934, John and Elizabeth Hutson transferred their interest in the Real Estate to Leonard and Jesse Rhodes via warranty deed. In that deed, John and Elizabeth reserved the oil and gas rights associated with approximately 70 acres of the Real Estate.

{¶5} The Real Estate was transferred numerous times over the years. On March 18, 1942, Leonard and Jesse Rhodes transferred their interest in the Real Estate to Harold Peoples via warranty deed. On June 17, 1991, Harold and Emma Peoples transferred their interest in the Real Estate to Alvy and Linda Peoples via a warranty deed. On September 12, 1991, Alvy and Linda Peoples transferred their interest in the Real Estate to LITCO Manufacturing, Inc. via a warranty deed.

{¶6} Then on January 14, 1992, LITCO Manufacturing transferred its interest in the Real Estate to appellee and her late husband via a warranty deed.

{¶7} On October 6, 2006, appellee and her late husband transferred the Real Estate to each other through a joint and survivorship warranty deed. On December 8, 2013, appellee's husband passed away and his interest in the Real Estate transferred to appellee.

{¶8} John and Elizabeth Hutson, the parties who reserved the oil and gas interest in the Real Estate are both deceased as are many of the beneficiaries of their wills. As a result of deaths and the resultant distributions by wills, the oil and gas rights originally reserved by John and Elizabeth Hutson would be held as follows: one half held by Miriam Hutson; one quarter held by the Christine Hutson Trust; one eighth held by Shirley Hutson; and one sixteenth each held by Mary Jean Hutson and

Linda Hutson Adams. Mark Hutson is the son of John Hutson, Jr. and Miriam Hutson.

**{¶9}** On November 29, 2012, Mark Hutson filed an Affidavit to Preserve Mineral Interest with the recorder's office.

**{¶10}** On December 14, 2012, appellee filed an Affidavit of Fact Relating to the Automatic Abandonment and Investiture in the Surface Owners of a Mineral Estate, Including Oil and Gas with the recorder's office. This affidavit stated appellee was the rightful owner of the oil and gas under the Real Estate pursuant to the Ohio Dormant Mineral Act (ODMA).

**{¶11}** On January 11, 2013, Miriam Hutson filed an Affidavit to Preserve Mineral Interest with the recorder's office. On July 29, 2013, Miriam filed another Affidavit to Preserve Mineral Interest.

**{¶12}** On May 29, 2013, appellee and her husband Joseph filed a complaint against appellants alleging that the 1989 version of the ODMA operated to divest appellants of their mineral rights and vest the mineral rights with the surface estate. They sought a declaratory judgment that they were the rightful owners of the oil and gas rights underlying the Real Estate and sought to quiet title in their name. Appellants filed an answer and counterclaim. They asserted that the 2006 version of the ODMA governed this matter and, pursuant to the 2006 ODMA, they preserved their mineral rights by recording affidavits to preserve mineral rights on November 29, 2012; January 11, 2013; and July 29, 2013. Appellants sought a declaratory judgment that appellees had no interest in the oil and gas underlying the Real Estate and to quiet title in their names. Appellee's husband died while the complaint was pending and this matter proceeded with appellee as the sole plaintiff.

**{¶13}** The parties filed competing motions for summary judgment.

**{¶14}** Appellee asserted that under the 1989 ODMA, the oil and gas interest underlying the Real Estate was deemed abandoned and reunited back with the surface estate. She claims this occurred on March 22, 1992, because no action was taken to preserve the oil and gas interest from March 22, 1969 to March 22, 1992. Thus, appellee asserted she became the owner of the oil and gas interest on March

22, 1992, and anything appellants did after that date was for naught.

{¶15} Appellants, on the other hand, first argued that the parties stipulated to facts that defeat any claim under the 2006 ODMA. Thus, they argued that appellee's claim either prevailed or was defeated by way of the 1989 ODMA. Appellants went on to argue that the 1989 ODMA could not be used in this action because the claim was not commenced until 2013, well after the 2006 ODMA went into effect. Moreover, they argued appellee did not follow the notice/affidavit process set out in the 2006 ODMA, and, therefore, her claim must fail under the 2006 ODMA.

{¶16} The trial court granted appellee's motion for summary judgment and denied appellants' motion. The court entered judgment that appellee was the owner of the oil and gas rights underlying the Real Estate. In so doing, the trial court found that the 1989 ODMA was self-executing and automatically vested the oil and gas interest with the surface estate. It further found that the 2006 ODMA did not act to divest the rights that the surface owner had obtained under the 1989 ODMA. It found that the oil and gas reservation was not subject to any of the savings events listed in the 1989 ODMA from March 22, 1969 to March 22, 1992. Therefore, the court found the oil and gas interest was deemed abandoned and transferred to appellee on March 22, 1992.

{¶17} Appellants filed a timely notice of appeal on July 8, 2014. This court held the appeal in abeyance pending the Ohio Supreme Court's decisions in several oil and gas cases. This case is now ready for review. Appellants raise two assignments of error asserting the trial court's grant of summary judgment in favor or appellee was improper.

{¶18} An appellate court reviews the granting of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶19} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving

party. *Mercer v. Halmbacher*, 9th Dist., 2015-Ohio-4167, 44, 44 N.E.3d 1011 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶20} Appellants' first assignment of error states:

THE TRIAL COURT ERRED BY USING A REPEALED AND AMENDED VERSION OF O.R.C. 5301.56 INSTEAD OF THE VERSION EXISTING AT THE TIME LITIGATION WAS COMMENCED.

{¶21} Appellants first assert that the parties stipulated to facts that prevent appellee from successfully asserting a claim under the 2006 ODMA. Thus, appellee's only hope of prevailing was under the 1989 ODMA.

{¶22} Appellants go on to argue the trial court erred in using the 1989 ODMA to find that the oil and gas interest was abandoned and vested with appellee since the 1989 ODMA was repealed and amended by the 2006 ODMA. They point out that this action commenced in 2013, long after the 2006 ODMA came into effect.

{¶23} Recently, in *Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 26-28, the Ohio Supreme Court held that the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.* at ¶ 28.

{¶24} The 2006 ODMA provides that a dormant mineral interest "shall be

deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied." *Id.* at ¶ 29; R.C. 5301.56(B). The Court went on to hold:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶25}** The Ohio Supreme Court reiterated its holding stating "the 2006 version of the Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16, citing *Corban* at ¶ 2.

**{¶26}** In this case, appellee filed the instant lawsuit in 2013, long after the 2006 ODMA was enacted. The parties stipulated: "The DMA was amended in 2006. The parties' claims in this case do not involve the application of the revised version of the DMA." (Joint Stipulation No. 24).

**{¶27}** Pursuant to *Corban*, the trial court erred in finding that the 1989 ODMA automatically divested appellants of their oil and gas rights and reunited those rights with the surface estate. Per *Corban*, the 1989 ODMA was not self-executing.

**{¶28}** Appellee has not asserted a claim under the 2006 ODMA. Moreover, in their summary judgment motion, appellants asserted that they would prevail under the 2006 ODMA. Additionally, the parties stipulated that appellants filed two affidavits to preserve mineral interest. Therefore, summary judgment in appellants' favor is proper. If appellee did not gain title to the oil and gas interest by way of the

1989 ODMA, then the oil and gas rights are still held by appellants. No claim has been made that appellee followed the statutory notice and recording procedures set out in the 2006 ODMA in an attempt to gain title to the oil and gas interest.

{¶29} Accordingly, appellants' first assignment of error has merit and is hereby sustained.

{¶30} Appellants' second assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT TWENTY YEAR DORMANCY LOOK-BACK PERIOD SET FORTH IN THE 1989 VERSION OF O.R.C. 5301.56 WAS TO BE MEASURED FROM THE EFFECTIVE DATE OF SUCH STATUTE, RATHER THAN THE DATE SUIT WAS FILED TO DETERMINE MINERAL OWNERSHIP.

{¶31} Here appellants argue the trial court should not have found that the 20-year "lookback" period of the 1989 ODMA began to run from the effective date of the statute.

{¶32} Given that the 1989 ODMA does not apply here, this assignment of error is moot.

{¶33} For the reasons stated above, the trial court's judgment is hereby reversed. Summary judgment is entered in favor of appellants.

DeGenaro, J., concurs in judgment only.

Robb, P.J., concurs.