OPINION
{¶ 1} Plaintiff-appellant, Linda Cordle ("Cordle"),[1]
appeals from a grant of summary judgment to appellee, Bravo Development, Inc. ("Bravo"), by the Franklin County Court of Common Pleas. Judgment was entered on January 25, 2006.
 {¶ 2} On February 2, 2002, Cordle attended her daughter's baby shower at Bravo Italian Kitchen. When she first arrived, Cordle noted that there were no employees at the hostess station to direct her where to go. After waiting for several minutes, Cordle approached an employee in the bar area, who led her to the room reserved for the shower. As she followed the employee around the bar and down some steps, Cordle slipped and fractured her foot. Cordle stated that, after she fell, she noticed what appeared to be liquid on the floor.
 {¶ 3} Cordle originally identified the employee who assisted her as a woman named Jana. However, Bravo noted that there was no employee by that name. Following discovery, Cordle believed that the employee who directed her to the shower was actually Joanna Leeson ("Leeson"). Leeson indicates that she did not show Cordle to the room reserved for the shower; however, she did state that she assisted Cordle after she fell and surveyed the area immediately after Cordle's accident.
 {¶ 4} Cordle filed a personal injury claim against Bravo and alleged that Bravo negligently failed to maintain the premises and to notify her of a potentially hazardous condition, which subsequently resulted in Cordle's injuries. Bravo filed a motion for summary judgment and asserted that: (1) Cordle could not identify who was responsible for what may have been on the floor at the time of her fall; (2) Bravo had no actual or constructive notice of a hazard on the floor; and (3) Cordle could not explain why she fell.
 {¶ 5} In response to Bravo's motion, Cordle submitted an affidavit by her daughter, Jennifer Meister. Meister attested that she attended the same baby shower as Cordle and that she slipped and fell in the same area as Cordle. Meister further stated that "she believes that an employee mentioned a substance was spilled near the bar area and that the substance was mopped up but then forgotten about" and that "she believes that an employee mentioned that the floor had been waxed recently, either the night before or the morning of the baby shower." (Meister affidavit at ¶ 10 and 11.)
 {¶ 6} Bravo filed a motion in limine to strike Meister's affidavit in its entirety. Alternatively, Bravo requested that the trial court strike paragraphs 10 and 11 of Meister's affidavit as hearsay statements. When granting Bravo's motion for summary judgment, the trial court allowed Meister's affidavit, but excluded paragraphs 10 and 11 as "inherently unreliable." The trial court went on to find that Cordle failed to provide specific facts indicating the source of the hazard that caused her to fall and how it came to be on the floor. As a result, the trial court found Cordle did not present sufficient evidence to support her claim that a hazardous condition existed and that Bravo had or should have had notice. Accordingly, the trial court granted summary judgment to Bravo.
 {¶ 7} Cordle timely appealed and asserts two assignments of error:
 ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION IN GRANTING DEFENDANTS-APPELLEES [sic] MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE DECISION IS NOT SUPPORTED BY THE RECORD OR EVIDENCE IN VIOLATION OF A PERSON'S RIGHT TO TRIAL BY JURY, RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE, THE DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION ART. 1 § 5 AND § 16, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION IN GRANTING DEFENDANTS-APPELLEES [sic] MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE EVIDENCE SUBMITTED WHEN VIEWED IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF DEMONSTRATES THAT THE ISSUE OF NEGLIGENCE IS IN DISPUTE AND SHOULD BE SUBMITTED TO THE TRIER OF FACT. THE TRIAL COURTS [sic] GRANTING OF DEFENDANTS [sic] FOR SUMMARY JUDGMENT IS VIOLATION OF A PERSONS [sic] RIGHT TO TRIAL BY JURY, EVID.R. 801, AND THE DUE PROCESS CLAUSES OF THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ART. I § 5 AND § 16.
Cordle argues that the trial court erred in improperly weighing the evidence when considering Bravo's motion for summary judgment. Cordle submits that there are genuine issues of material fact that should be addressed by a jury.
 {¶ 8} Appellate review of motions for summary judgment is de novo. The moving party bears the burden of proving that: (1) no genuine issues of material fact exist; (2) the moving party is entitled to summary judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56. Where the evidence supports a motion for summary judgment, the nonmoving party must present specific facts beyond the pleadings to show that a genuine issue of material fact exists and, therefore, the moving party is not entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 9} To prevail on a claim of negligence, the plaintiff must show that the defendant owed plaintiff a duty of care, breached that duty, and plaintiff suffered harm as a result. The defendant's duty of care is determined by the relationship between the plaintiff and defendant and the foreseeability of injury. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642. In this case, Cordle was a business-invitee at Bravo Restaurant. As such, Bravo had a "duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, the rule does not protect invitees from hazards "so insubstantial and of the type that passersby commonly encounter[.]" Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46, 49.
 {¶ 10} The Supreme Court of Ohio has consistently distinguished between two kinds of slip-and-fall accidents in places of business: those where the hazard was created by the owner or occupier of the premises and those where the hazard was caused by a third party. If the hazard was created by the owner/occupier, the invitee is not required to show that the owner/occupier had actual knowledge that the hazard existed.Tandy v. St. Anthony Hosp. (Nov. 29, 1998), Franklin App. No. 88AP-551; Guilford v. Central Hardware Co. (1989),62 Ohio App.3d 58. However, if the hazard was caused by a third party, "plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard," to support a finding of negligence. Presley v. Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 11} This case turns upon conflicting statements regarding whether a potentially hazardous condition existed on Bravo's premises. According to her deposition testimony, Cordle did not notice anything on the floor until after she fell. Only then did she claim to notice that the area where she fell appeared to be wet. Leeson contradicted Cordle's assertion in her affidavit by stating that she searched the area after the accident, but did not see anything that would cause Cordle to fall or the floor to appear wet.
 {¶ 12} Bravo premised its motion for summary judgment on the fact that Cordle did not "observe water on the floor after she fell; she only stated that the floor appeared to be `wet'." (Bravo's Motion for Summary Judgment, at 8.) Bravo further noted that Cordle did not provide an explanation why the floor appeared wet. In response to Bravo's motion, Cordle submitted an affidavit from Jennifer Meister. Meister stated that she also slipped in the same area as Cordle when she arrived at Bravo for the baby shower. Meister further recalled seeing Bravo employees standing around the bar when she arrived. Paragraphs 10 and 11 of Meister's affidavit directly rebuts Bravo's claim that Cordle provided no evidence of what caused her fall or where it came from. Meister's affidavit indicates that Bravo not only had notice, but knew what caused the hazardous condition on the floor, thereby raising genuine issues of material fact.
 {¶ 13} Bravo contended, and the trial court agreed, that Meister's affidavit was offered to prove the truth of the matter asserted, i.e., that Bravo was negligent. A statement by someone other than the declarant, offered to prove the truth of the matter asserted is hearsay. Evid.R. 801. However, there are certain exceptions. An admission of a party opponent is one such exception. Evid.R. 801(D)(2). This includes a statement offered by a servant of the party opponent, made in the course of the servant's employment regarding a matter within the scope of said employment. Evid.R. 801(D)(2)(d).
 {¶ 14} After considering Meister's affidavit, the trial court struck paragraphs 10 and 11 as hearsay. Therefore, paragraphs 10 and 11 were deemed inadmissible hearsay. Absent paragraphs 10 and 11 of Meister's affidavit, the trial court found that Cordle's allegations that a Bravo employee caused the hazard and/or had notice of a hazard was mere speculation. Relying upon our holding in Tandy, supra, the trial court held that such speculation was insufficient to support a claim for negligence.
 {¶ 15} We find the trial court's assessment of this evidence to be erroneous. The matter asserted by Cordle's complaint is negligence. Meister's statements indicate that an employee of Bravo was aware of potentially dangerous conditions in the area where Cordle fell and also identified the nature of the hazards that may have caused Cordle to fall. The employee's statements are non-hearsay under Evid.R. 801(D)(2)(d).
 {¶ 16} Factual assertions made by an employee, that are within the knowledge and scope of that employee's employment are admissible. Johnson v. United Dairy Farmers, Inc. (Mar. 8, 1995), Hamilton App. No. C-940240; Delaney v. Skyline Lodge,Inc. (1994), 95 Ohio App.3d 264. The statement that something had spilled earlier in the day and that the floor was freshly waxed are statements of fact, not matters of law. Both of these comments are well within the scope of the employee's knowledge and employment and, therefore, are admissible.
 {¶ 17} Because Meister's affidavit recounted statements that fall within the party-opponent definition of non-hearsay, the trial court erred in striking paragraphs 10 and 11 of that affidavit as hearsay. Therefore, Meister's affidavit created a genuine issue of material fact as to whether Bravo had notice that a potential hazard existed.
 {¶ 18} We further find that the trial court erroneously weighed the credibility of the conflicting affidavits. Leeson's affidavit directly contradicts statements submitted by Cordle and Meister on a genuine issue of material fact: whether a hazardous condition existed on Bravo's premises when Cordle was injured. It is for a jury as trier of fact to determine which witness is more credible. In Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163, we stated:
Resolution of a motion for summary judgment does not include trying the credibility of witnesses. If an issue is raised on summary judgment, which manifestly turns on the credibility of the witness because his testimony must be believed in order to resolve the issue, and the surrounding circumstances place the credibility of the witness in question — for example, where the potential for bias and interest is evident — then, the matter should be resolved at trial, where the trier of facts has an opportunity to observe the demeanor of the witness.
(Citation omitted.) Id. at 167. The rule in Killilea applies squarely to the facts herein. The issue of fact must be resolved at trial; not on summary judgment.
 {¶ 19} Based upon the foregoing, Cordle's assignments of error are sustained. The judgment is reversed and the cause is remanded back to the Franklin County Court of Common Pleas for further proceedings.
Judgment reversed and cause remanded.
Bryant and Whiteside, JJ., concur.
Whiteside, J., retired of the Tenth District Court of Appeals, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] On July 20, 2006, representatives of Linda Cordle filed a "Suggestion of Death" occurring in June 2006. Ollie Cordle, as Administrator of the Estate of Linda Cordle, filed a motion for substitution of plaintiff on July 21, 2006. The trial court granted Cordle's motion on July 28, 2006.