[Cite as *Toth v. J.B. Food Serv., Inc.*, 2024-Ohio-3077.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

SHELLY KRISTINE TOTH,

Plaintiff-Appellant,

v.

J.B. FOOD SERVICE, INC.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0128**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 1613

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Irene K. Makridis*, Makridis Law Firm, LLC, for Plaintiff-Appellant and

*Atty. Victor T. DiMarco* and *Atty. Patrick M. Cannell*, Weston Hurd LLP, for Defendant-Appellee.

Dated:  August 12, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, Shelly Kristine Toth, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of Defendant-Appellee, J.B. Food Service, Inc., on Appellant's premises liability claim. Appellant was injured when a display rack holding snack chips fell on her leg and foot while she was a customer in a Subway restaurant owned by Appellee. Appellant asserts the trial court erred in granting summary judgment to Appellee based upon an erroneous evidentiary decision. Because the trial court should have considered evidence that Appellee may have had constructive knowledge that the rack had fallen before, summary judgment was inappropriate, the judgment is reversed, and the matter is remanded.

{¶2} On August 14, 2017, Appellant went to Subway with her friend Ernest Olmi. While waiting in line to pay for their sandwiches, a rack of chips and snacks located near the register fell from the counter onto Appellant's leg, foot, and ankle. Appellee's employee, Amy Sarnelli, assisted Appellant after the incident by providing her with ice for her injury and direction on how to fill out a Customer Incident Report. While assisting Appellant, Appellant contends Sarnelli told her and Olmi that the rack had previously fallen on another customer. When she filled out the incident report at the restaurant, however, Appellant did not mention the statement by Sarnelli. At some later point in time, Appellant wrote Sarnelli's statement to her onto her copy of the incident report. After filling out the report, Appellant left the restaurant without assistance and drove home. The first time Appellant received any medical care for injuries sustained from the incident was November 15, 2017, three months after the incident occurred.

{¶3} Appellant filed a complaint against Appellee on September 8, 2022, alleging a negligence claim under a premises liability theory for the injuries she sustained from the rack falling onto her.

{¶4} On June 30, 2023, Appellee filed a motion for summary judgment asserting that no genuine issue of material fact existed and it was entitled to judgment as a matter of law because Appellant failed to prove Appellee created the hazardous condition or had actual or constructive knowledge of the hazardous condition.

**{¶5}** Appellant responded by arguing that genuine issues of material fact existed that would preclude summary judgment. She contended there was a genuine issue of material fact as to how the rack was maintained by Appellee. Appellant's deposition and other related evidence, such as the handwritten note on the Customer Incident Report suggested that this was not an isolated incident, and Appellee had prior knowledge. Appellant also cited the doctrine of res ispa loquitur in support, asserting that a snack rack falling would not have occurred in the ordinary course of events and Appellee's negligence is the only explanation for why it fell.

**{¶6}** The trial court granted Appellee's motion on October 30, 2023. The court first pointed out that Appellant had not produced any evidence that Appellee or any of its employees negligently created the hazard, other than the comments she made in her deposition where she stated she believed the rack was installed in a faulty manner. The court found speculative comments made by Appellant were not enough to preclude a motion for summary judgment. Secondly, the court noted Appellant failed to assert evidence proving Appellee had actual or constructive knowledge of the hazard. The trial court found that the comment by Sarnelli was inadmissible under Evid.R. 801(C) and could not be considered to create a genuine issue of material fact.

**{¶7}** The trial court further reasoned that for the res ispa loquitur doctrine to apply, Appellee must have been in exclusive control of the snack rack at the time it fell. The court concluded that Appellant had produced no evidence to prove that Appellee was in exclusive control of the snack rack at the time of the accident. And because the rack was located in an area of the restaurant frequented by customers, Appellee did not maintain exclusive control.

**{¶8}** Appellant filed a timely notice of appeal on November 29, 2023, and raises a single assignment of error.

**{¶9}** Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT J.B. BASED UPON AN ERRONEOUS EVIDENTIARY DECISION.

Case No. 23 MA 0128

{¶10} Appellant asserts she was a business invitee and as a business invitee, Appellee owed her a duty of ordinary care, which it breached. This fact is not in dispute.

{¶11} Appellant argues that Sarnelli's statement that the snack rack had previously fallen on another customer demonstrated Appellee had both actual and constructive knowledge of the hazard. She maintains that there is a distinction between an admission of an adverse fact as opposed to an outright admission of legal liability, and because the statement was made by an employee engaged in the scope of her employment the statement was admissible.

{¶12} Appellant further argues that the information revealed by Sarnelli directly contradicted Brian Smith's affidavit claiming he had no prior knowledge of any incident like this happening previously. Smith is one of Appellee's owners. Thus, Appellant contends Smith's credibility is questionable and Sarnelli's statement is enough to overcome Appellant's summary judgment burden.

{¶13} Appellee, on the other hand, contends that under Evid.R. 801(C), Sarnelli's statement is inadmissible hearsay and cannot be used to prove actual or constructive knowledge. Specifically, Appellee argues that both the handwritten note and Appellant's statement in her deposition regarding Sarnelli's statement are both in violation of Evid.R. 801 and 802. It also claims that even if Sarnelli's statement is admissible, Appellant waived the ability to assert the argument because she failed to raise this argument at the trial court level. Lastly, Appellee argues that even if Appellant did not waive the right to assert this argument, statements of opinion regarding liability are not within the employee's scope of employment and are inadmissible.

{¶14} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 2015-Ohio-4167, ¶ 8 (9th Dist.); Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc.,*

*Inc.*, 104 Ohio App.3d 598, 603 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

**{¶15}** If the moving party meets its burden, then the burden shifts to the nonmoving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993).

**{¶16}** First, we must note that Appellant did raise this argument at the trial court level. In her reply to summary judgment, Appellant argued that the handwritten note in her copy of the Customer Incident Report supported her claim and created a genuine issue of material fact. Thus, she did raise this issue in the trial court.

**{¶17}** A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84 (1996).

**{¶18}** In this case, Appellant was Appellee's business invitee. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio University*, 28 Ohio St.3d 66, 68 (1986). Generally, a premises owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Id.*; *Presley v. City of Norwood*, 36 Ohio St.2d 29, 31 (1973). "Keeping the premises in a reasonably safe condition generally means that a premises owner (1) must not create a dangerous condition on its premises, and (2) must warn its invitees of latent or concealed dangers, if the premises owner has actual or constructive knowledge of those dangers." *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, ¶ 18 (4th Dist.).

**{¶19}** This Court previously has stated three ways in which a business invitee may assert a premises liability negligence claim:

> (1) the defendant or an employee negligently created the hazard; (2) the
> defendant or an employee had actual knowledge of the hazard and
> neglected to remove it promptly or give adequate warning of its presence;
> or (3) the defendant or an employee had constructive knowledge of the
> hazard, such as where it existed for a sufficient length of time to reasonably

justify an inference that the failure to correct the condition or warn against it was attributable to a want of ordinary care. *Anaple v. Standard Oil Co.*, 162 Ohio St. 537, 541, 124 N.E.2d 128 (1955).

*Fernandez v. Walmart Supercenter #3860*, 2022-Ohio-1304, ¶ 22 (7th Dist.).

**{¶20}** If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that the defendant had constructive notice. *Presley v. City of Northwood*, 36 Ohio St.2d. 29, 32 (1973).

**{¶21}** It is undisputed that Appellant was a business invitee and was owed a duty of ordinary care to not be subjected to unsafe conditions while on Appellee's premises.

**{¶22}** The disputed issue in this case is whether Appellee breached this duty. Appellant does not allege that Appellee created the danger, rather Appellant alleges that Appellee had actual and constructive knowledge of the danger, thus breaching its duty.

**{¶23}** Appellant met the burden of proof needed to preclude a motion for summary judgment because the evidence used to prove that Appellee had both actual and constructive knowledge was admissible.

**{¶24}** Appellant relies on Sarnelli's statement that the snack rack had previously fallen on another customer to create a genuine issue of material fact as to whether Appellee had actual or constructive knowledge of the hazard. Because this statement was admissible, summary judgment was improper.

**{¶25}** Appellee argues that this evidence is inadmissible hearsay in violation of Evid.R. 801(C). This rule defines hearsay as: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement." Evid.R. 801(C).

**{¶26}** On the other hand, Appellant argues that this evidence is not hearsay pursuant to Evid.R. 801(D)(2)(d), which provides a statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]"

**{¶27}** Appellee asserts that admissions of liability against an employer are not within an employee's scope of employment and are inadmissible hearsay. Citing *Johnson*

*v. United Dairy Farmers*, *Inc.*, 1995 WL 96853 (1st Dist. March 8, 1995). In that case, an employee stated that a newspaper rack was in a bad location, and because of that, the employee moved the rack to avoid any further injury from occurring to customers.

{¶28} But the statement by Sarnelli to Appellant and Olmi that the snack chip rack had previously fallen on another customer was a statement of fact concerning a matter within the scope of her employment. "Factual assertions made by an employee, that are within the knowledge and scope of that employee's employment are admissible." *Cordle v. Bravo Dev., Inc.*, 2006-Ohio-5693, ¶ 16 (10th Dist.). In *Cordle*, the Tenth District found that an employee's statement that something had spilled earlier in the day and that the floor was freshly waxed were statements of fact that were well within the scope of the employee's knowledge and employment and, therefore, are admissible.

{¶29} Sarnelli's statement was not an admission of liability against Appellee. She did not assert that the rack was unstable, maintained improperly, or secured improperly. She only stated that the rack had previously fallen from the counter onto another customer, thus it is simply a factual assertion.

{¶30} Appellee also points to Smith's statement that he was never put on notice that the rack had fallen previously. Here, Sarnelli's statement, as a Subway employee, was that the rack had previously fallen on another customer. Smith's statement, as one of the Subway's owners, was that he had no knowledge that the rack had previously fallen. This at least creates a genuine issue of material fact regarding actual or constructive knowledge for trial, which precludes summary judgment.

{¶31} Accordingly, Appellant's sole assignment of error has merit and is sustained.

{¶32} For these reasons, the trial court's judgment is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 23 MA 0128

[Cite as *Toth v. J.B. Food Serv., Inc.*, 2024-Ohio-3077.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**